IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| SHANNON P. MCGANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:13-CV-42 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Shannon P. McGann ("McGann") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") finding her not disabled and therefore ineligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433. Specifically, McGann alleges that the Administrative Law Judge ("ALJ") erred by not giving greater weight to her treating physician's opinion, finding major depressive disorder as her only severe impairment, and lacking substantial evidence to support her credibility determination. McGann also contends that she has presented new and material evidence that warrants remand. I conclude McGann's subsequent favorable decision revealed additional evidence that merits further review. As such, I **RECOMMEND GRANTING IN PART** McGann's Motion for Summary Judgment (Dkt. No. 13), and **DENYING** the Commissioner's Motion for Summary Judgment. Dkt. No. 22.

## STANDARD OF REVIEW

This Court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that McGann failed to demonstrate that she was disabled

1

under the Act.[1]  Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted).  The final decision of the Commissioner will be affirmed where substantial evidence supports the decision.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

McGann protectively filed for DIB on July 21, 2010, claiming that her disability began on April 16, 2010.  R. 185.  The Commissioner denied her application at the initial and reconsideration levels of administrative review.  R. 81-86, 88-91.  On April 12, 2012, ALJ R. Neely Owen held a hearing to consider McGann's disability claim.  R. 30-52.  McGann was represented by a non-attorney representative at the hearing, which included testimony from McGann and vocational expert Dr. Gerald Wells.  R. 30-52.

On April 26, 2012, the ALJ entered her decision analyzing McGann's claim under the familiar five-step process[2] and denying McGann's claim for benefits.  R. 8-28.  The ALJ found

---

[1] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work.  Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience.  See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

[2] The Commissioner uses a five-step process to evaluate a disability claim.  Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002).  The Commissioner asks, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work.  Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983).  The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability.  The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies.  42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

2

that McGann suffered from the severe impairment of major depressive disorder. R. 13-14. The ALJ found that this impairment did not meet or medically equal a listed impairment. R. 14-16. The ALJ concluded that McGann retained the RFC to perform a full range of work at all exertional levels,[3] except that she has

> moderate limitations in the areas of understanding/remembering/carrying out detailed instructions, maintaining attention/concentration for extended periods, performing activities within a schedule, sustaining an ordinary routine without special supervision, completing a normal workday/workweek without interruptions from psychologically-based symptoms, interacting appropriately with the general public, and maintaining socially appropriate behavior/adhering to basic standards of neatness and cleanliness. The claimant is able to engage in repetitive, competitive, unskilled, and nonstressful tasks that do not necessitate direct contact with the public or excessive contacts with coworkers.

R. 16. The ALJ determined that McGann could not return to her past relevant work, but that McGann could work at jobs that exist in significant numbers in the national economy, such as office helper, mailroom clerk, and telephone information clerk. R. 21-22. Thus, the ALJ held that McGann was not disabled. R. 22.

McGann appealed the ALJ's decision, and submitted additional records and a legal brief to the Appeals Council. R. 5-6, 1001-57. On July 3, 2013, the Appeals Council denied McGann's request for review (R. 1–7), and this appeal followed. Dkt. No. 3. On October 10, 2013, the Commissioner subsequently awarded benefits to McGann that backdated to April 27, 2012, the day after the ALJ's decision. Dkt. No. 25-1.

---

[3] An RFC is an assessment, based upon all of the relevant evidence, of what a claimant can still do despite her limitations. 20 C.F.R. § 404.1545. Descriptions and observations of a claimant's limitations by her and by others must be considered along with medical records to assist the Commissioner in deciding to what extent an impairment keeps a claimant from performing particular work activities. Id. The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567(a). McGann has been cleared for all classes of work, taking into account multiple emotional and social limitations. R. 16.

3

# ANALYSIS

McGann raises for the first time in this court that she received a favorable decision awarding her disability benefits. McGann argues that this decision and its underlying evidence warrant remand of this case for reconsideration by the ALJ under sentence four or six of 42 U.S.C. § 405(g). As an exhibit attached to her Motion for Summary Judgment, McGann submitted the Social Security Administration's ("SSA") subsequent approval of her application. Dkt. No. 14-3. Two days prior to the hearing before this court, McGann moved to include the SSA's Disability Determination Explanation dated October 10, 2013, which sets forth the basis for the subsequent favorable decision. Dkt. No. 25. The court granted the motion and accepted the Disability Determination Explanation as part of the record. Dkt. No. 26.

"A claimant seeking a remand on the basis of new evidence . . . must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier." Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 96 n.3 (4th Cir. 1991). Evidence is new if it is not duplicative or cumulative; it is material if there is a reasonable possibility it would have changed the outcome of the Commissioner's decision. Id. at 96. Additional evidence will be considered "only where it relates to the period on or before the date of the [ALJ's] hearing decision." Id. (citing 20 C.F.R. § 416.1470(b)). McGann has the burden of demonstrating that a remand is appropriate given any new and material evidence. Meadows v. Astrue, CIVA 5:08-CV-01129, 2010 WL 1380117, at *3 (S.D.W. Va. Mar. 31, 2010).

Courts in this district have on several occasions addressed whether a subsequent favorable disability decision constitutes sufficient grounds for a remand. Compare Phillips v. Astrue, Case. No. 7:12cv194, 2013 WL 485949, at *3-4 (W.D. Va. Feb. 5, 2013) (finding remand based simply upon a subsequent finding of disabled to be an incorrect application of the

law); with Hayes v. Astrue, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007) (holding that a subsequent favorable finding of disability may itself constitute new and material evidence warranting remand where the record does not reflect whether the new favorable decision relied upon additional evidence). The Fourth Circuit has stated in an unpublished opinion that "a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." Baker v. Comm'r of Soc. Sec., 12-1709, 2013 WL 1866936, at *1 n.1 (4th Cir. May 6, 2013) (quoting Allen v. Commissioner, 561 F.3d 646, 653 (6th Cir. 2009)).

I do not address whether a subsequent favorable opinion itself can be the basis for remand, because no question exists that if additional evidence submitted in support of a subsequent favorable decision is considered new and material to the initial application, a remand is warranted. See, e.g., Allen, 561 F.3d at 653-4 (6th Cir. 2009) ("[R]emand would be appropriate based on [a] subsequent favorable decision only if the subsequent decision was supported by new and material evidence that [a claimant] had good cause for not raising in the prior proceeding."); Sayre v. Astrue, Civ. No. 3:09–01061, 2010 WL 4919492, at *4 (S.D.W. Va. Nov. 29, 2010) (remanding upon finding that the evidence underlying a subsequent determination was new and material); cf. Hayes, 488 F. Supp. 2d at 565 (W.D. Va. 2007) (holding that a subsequent decision may be considered new and material evidence depending upon the nature of the evidence supporting the subsequent decision); Reichard v. Barnhart, 285 F. Supp. 2d 728, 734 (S.D.W. Va. 2003) (finding that a subsequent finding of disability is new and material evidence where some of the evidence the ALJ considered was in the record before him on the first and/or before the Appeals Council).

5

Here, the Appeals Council accepted and considered the additional evidence predating the ALJ's decision, but found that the information did not provide a basis for changing the ALJ's decision. R. 2. The Appeals Council did not accept the records post-dating the ALJ's decision; these records since have been submitted to the court.[4] The additional records submitted to the court constitute new evidence because much of the evidence did not exist until after the ALJ's decision. The majority of the records postdating the ALJ's decision address McGann's physical impairments of fibromyalgia, migraines, hypothyroidism, and dental problems. Dkt. No. 14-5, 14-6, 14-7, 14-8, & 14-9. The only new record that directly touches on McGann's mental health is from Thomas Jacob, M.D., which covers treatment from August 30, 2012 through September 20, 2012. Dkt. No. 14-4. Dr. Jacob's records include McGann's self-reported confidential health history and his notes from their session. Dkt. No. 14-4. Dr. Jacob stated that McGann cries every day, left her teaching position due to depression two years prior, and told him that "I don't see any way out." Dkt. No. 14-4, p. 6-7. His notes include a diagnosis of severe major depression and his recommendations for medication. Dkt. No. 14-4, p. 6. Dr. Jacob's records, as well as the rest of the records rejected by the Appeals Council, plainly are new. The primary question for this additional evidence is one of materiality.

McGann has not demonstrated that her physical health records that postdate the ALJ's decision relate to the time of the ALJ's decision; however, she has shown that her mental health records from Dr. Jacob relate back to April 2012. Medical records about longstanding mental health issues, without evidence of an intervening event, generally relate back to the time of an ALJ's decision. See Harvey v. Colvin, No. 5:13CV00074, 2014 WL 4093483, at *5 (W.D. Va. Aug. 18, 2014) ("The records relate to Harvey's longstanding mental impairment that the ALJ

---

[4] As noted by McGann's counsel during the hearing before this Court, McGann submitted all of the records the Appeals Council did not accept as exhibits to her motion for summary judgment. Dkt. No. 27.

found severe, but not disabling. They apparently formed at least part of the evidentiary basis for the Commissioner's determination on Harvey's subsequent application that he is disabled. Thus, they are material."); McGinnis v. Astrue, 709 F. Supp. 2d 468, 473 (W.D. Va. 2010) (remanding a denied claim to review additional records because the claimant's severe depression and intellectual difficulties likely did not change within the few months after the ALJ's decision). Moreover, the adjudicator of the subsequent decision chose to set the alleged onset date only one day after the ALJ's decision, which suggests that McGann's impairment did not change following the decision. Hyde v. Colvin, No. 4:12cv00040, 2013 WL 5797378, at *7 (W.D. Va. Sep. 19, 2013) (remanding a denied claim after receipt of a subsequent decision backdated to one day after the ALJ's decision, noting that "[o]ne would be hard pressed to say that the second disability occurred all in one day").

McGann's long history of severe depression supports her argument that Dr. Jacob's records evaluate the same mental health impairment subject to this appeal. The court has records dating from as early as August 2007 diagnosing McGann with severe depression.[5] R. 304. McGann's treatment for depression continued through April 2009, which included six electroconvulsive therapy (ECT) treatments. R. 618. Medical records noted McGann's worsening depression (R. 343-51, 634) and low GAF scores of 40 and 50 (R. 504, 868). Despite doctor's notes of improved affect in late 2009 (R. 504-05), Greeta Rakheram, M.D. again diagnosed McGann with depression only a month later. R. 612. In April 2010, McGann admitted herself into a psychiatric hospital for a major depressive episode and was discharged with a GAF score of only 45. R. 470-76, 580-81. Upon recommendation of her psychiatrist, McGann received a second round of ECT treatments in April 2010 for her severe major

---

[5] McGann's earliest mental health record included an impression of "296.33" under Axis 1, which is the DSM Diagnostic Code's label for severe depression without psychotic features.

7

depression.  See, e.g., R. 458-68.  Following the treatments, McGann admitted herself into emergency care with a GAF of 40 and suicidal thoughts in May 2010.  R. 472-73, 508-11, 517-18.  During the summer of 2010, McGann's condition appeared to improve (R. 507) in spite of some feelings of anxiety (R. 477), with some doctors and counselors noting McGann's progress and suggesting she become involved in her community.  R. 700-02, 706, & 750-51.  However, McGann still reported negative thoughts, depression, loneliness, and problems with her short term memory during this time period. R. 649, 750-51.

     Dr. Rakheram diagnosed McGann with depression in March 2011 (R. 788), though records did not indicate McGann's continued depression until she met with Pari Nikpey, M.D. in November 2011 (R. 920) and Dr. Rakheram in December 2011.  R. 994.  On December 28, 2011, McGann was admitted to a psychiatric hospital for depression, suicidal ideations, and accidentally ingesting too many Atvian pills.  R. 883-90.  McGann was discharged on December 30, 2011 against the recommendation of George Luedke, M.D., who wished for her to remain in the hospital for ECT treatments.  R. 887.  In February 2012, Mary Shemo, M.D. noted that McGann had a severely depressed mood with impaired energy drive, a GAF of 60, and a desire to avoid other people.  R. 875.  Dr. Shemo also completed a functional capacity assessment that listed several work-related activities McGann was unable to perform due to her depression (R. 874-79), and wrote that "she is totally anergic and unable to do even simple tasks."  R. 874.

     Based on the above history of depression, I find that Dr. Jacob's mental health records relate back to the relevant time period.  McGann has struggled with depression at least since 2007, and Dr. Jacob's records support her overall diagnosis.  Alongside the extensive records accepted by the Appeals Council, Dr. Jacob's records provide new information that could help the ALJ assess whether McGann could have worked during the relevant time period.  Moreover,

8

the Commissioner has not pointed to any evidence that McGann's condition worsened (or otherwise changed) between the ALJ's denial of McGann's initial claim on April 26, 2012 and her finding of disability with an onset date of April 27, 2012 in the second disability application. While records indicate that McGann continued to struggle with her mental health issues, no evidence of an intervening event has been submitted to suggest why such a change in mental health could have occurred. Dr. Jacob's records relate back to the ALJ's decision.

Not only do Dr. Jacob's records relate back to the relevant period, there is also a reasonable possibility that the records could change the outcome of the Commissioner's decision. Months after the ALJ's decision without an intervening event, Dr. Jacob's treatment records demonstrate that McGann still is struggling with depression from at least August 30, 2012 through September 20, 2012. His records include a questionnaire assessing her state of mind, which reflects her longstanding problems with depression. Dkt. No. 14-4, p. 3-4. Dr. Jacob's notes discuss McGann's daily bouts of crying, her struggle with depression for the past five years and its worsening over time, her feelings of hopelessness, and her challenges sleeping. Dkt. No. 14-4, p. 5. Importantly, his records show that McGann's major depressive order had not improved as the ALJ had assumed at the time of her decision. The additional records from Dr. Jacob reasonably could influence an ALJ to change her decision that McGann was capable of working. Dr. Jacob's records are new, material, and relate back to the time of the ALJ's decision. Moreover, McGann has good cause for not submitting the records prior to the ALJ's decision because her treatment notes did not exist at that time. I recommend that McGann's claim be remanded so the ALJ has an opportunity to review Dr. Jacob's records.

In addition to reviewing Dr. Jacob's new records, the ALJ also should have an opportunity to review McGann's additional records submitted to the Appeals Council. This

9

Court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the [Commissioner's] findings. Wilkins, 953 F.2d at 96. "However, the Fourth Circuit has also admonished that it is the role of the ALJ, and not reviewing courts, to resolve conflicts in the evidence." Davis v. Barnhart, 392 F. Supp. 2d 747, 751 (W.D. Va. 2005) (citing Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996)). When faced with new evidence, a court must reconcile its duty under Wilkins to review the entire record including the new evidence to determine if there is a reasonable possibility that it would change the outcome, with its obligation under Smith to abstain from making credibility determinations and resolving factual conflicts. Davis, 392 F. Supp. 2d at 751. If the new evidence creates such a conflict, there is a reasonable possibility that it would change the outcome of the case, and the case must be remanded to the Commissioner to weigh and resolve the conflicting evidence. Id. (citing Bryant v. Barnhart, No. 6:04cv000017, 2005 WL 1804423, *5 (W.D. Va. Jan 21, 2005); Smallwood v. Barnhart, No. 7:03cv00749, slip op. at 2 (W.D. Va. Oct. 19, 2004)).

Despite the Appeals Council's finding that McGann's additional records predating the ALJ's decision did not provide a basis for remand (R. 2), many of these records cover her gaps of mental health treatment records from 2011. The ALJ rested her decision, in part, on the fact that "treatment notes indicate that the claimant's depressive symptoms significantly improved following her April-May 2010 ECT treatments." R. 19. However, McGann's submission of additional records to the Appeals Council and to this court demonstrated that she continued to be treated extensively for depression throughout 2011. In July 2011, Timothy H. Barclay, Ph.D. treated McGann and described her as depressed with fair or good insight (R. 1032-39); Dr. Shemo also noticed improvement in McGann in early August 2011 and credited her therapy sessions with Dr. Barclay. R. 1180. McGann's progress quickly declined, however; in August

10

2011, McGann sought treatment for depression at Duke University Medical Center, where Alison Adcock, M.D., Ph.D., diagnosed McGann with severe major depressive disorder and a GAF score of 58. R. 1060-63. Although Dr. Adcock noted improvement since 2011, she gave the opinion that McGann's severe depression still "warrants continued disability, in [a] setting of strong family history with suicides and multiple medical problems, notably including thyroid dysfunction now corrected that could be exacerbating depressive disorder." R. 1063. After several months of progress, Dr. Barclay noted that McGann's crying spells had worsened and that she remained depressed in late August and September 2011. R. 1014-16, 1029. McGann's depression continued to tumble for better and for worse. By the end of September, McGann's depression and ability to cope reportedly improved (R. 1009-12); however, Drs. Barclay and Shemo both noted McGann's very depressed mood by November 2011. R. 1003-06, 1179-80. In September 2012, Dr. Jacob gave the opinion that McGann had severe depression and had a poor ability to function in many areas, including working with others, maintaining attention, and following simple instructions.[1] R. 1088-92. The ALJ was not privy to any of these records.

    The disability adjudicator of the subsequent favorable decision also stated that the new evidence in the file supported her determination that McGann is unable to work. Dkt. No. 25-1, p. 8 (finding support in the records of three doctors that postdated the ALJ's decision: Dr. Barclay, Dr. Jacob, and Dr. Owens). Although some of the evidence used in the subsequent decision admittedly is not before the court, at least a few of the relevant records relied upon by the adjudicator were not before the ALJ at the time of her decision. See Dkt. No. 25-1, p. 3-8 (listing records from Dr. Jacob and Duke University Medical Center). Importantly, the adjudicator specifically relied on the records of Dr. Jacob and Dr. Barclay, whose records were not fully reviewed by the ALJ. Dkt. No. 25-1, p. 9. The additional records submitted to the

11

Appeals Council plausibly could change the ALJ's decision, as it has been demonstrated that at least some of those records influenced a disability adjudicator to find McGann disabled.

In sum, there is a reasonable possibility that the additional evidence about McGann's depression submitted to the Appeals Council and the court would change the outcome of the Commissioner's decision. Specifically, a reasonable ALJ may render a different decision upon review of all of the mental health records currently before the court. No ALJ has been given the opportunity to consider McGann's medical claims prior to April 2012 with the full record of medical evidence detailing McGann's depression. The ALJ must substantively review the additional records submitted to the Appeals Council and this court to determine whether the evidence still supports her original finding that McGann is not disabled. Accordingly, I find that the mental health records before the Appeals Council and this court create sufficient grounds for a remand. In recommending remand pursuant to sentences four and six, I do not pass judgment on the Commissioner's decision. I do note, however, that the Commissioner has deemed McGann disabled apparently based on evidence very similar to the evidence in the case before this court. Mindful of this Court's role in reviewing agency decision-making, I find it appropriate to allow the Commissioner the opportunity to determine whether McGann was disabled prior to April 27, 2012.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that an order be entered **REVERSING** and **REMANDING** the final decision of the Commissioner, **DENYING** summary judgment to the defendant, **GRANTING IN PART** plaintiff's motion for summary judgment, and **DISMISSING** this case from the court's docket.

The Clerk is directed to transmit the record in this case to Norman K. Moon, United

States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

    Enter: February 11, 2015

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge